the procedure by the board is shown to be invalid, plaintiff cannot be made whole with damages. Concur—Kupferman, J. P., Milonas, Rosenberger and Ellerin, JJ.

■ ELEANOR G. SINGER et al., Respondents, v ALBERT G. THUILOT et al., Appellants, et al., Defendant

The complaint, based on an alleged fraudulent misrepresentation by the seller and his attorneys as to the building's full compliance with the Rent Stabilization Law, is defectively pleaded in the absence of an allegation that defendants asserted the known false fact "to deceive the other party and to induce them to act upon it". *(Jo Ann Homes v Dworetz*, 25 NY2d 112, 119.) This is one of the five elements essential to a cause of action in fraud. *(See*, 60 NY Jur 2d, Fraud and Deceit, § 26.) The proposed amended complaint is similarly defective. Neither complaint may be fairly read as even implying such an allegation.

A properly drawn complaint, alleging an intent to deceive the purchasers, would otherwise have withstood a motion for summary judgment. Defendants' reliance on the contract's exculpatory clause, providing that none of the terms of the contract was to survive delivery and acceptance of the deed, is misplaced, since the complaint is grounded in fraud, not contract. *(See, Todd v Pearl Woods*, 20 AD2d 911, *affd* 15 NY2d 817.) In such circumstances, leave is granted to replead a cause of action in fraud upon fact-based allegations that defendants, with intent to deceive the purchasers, offered the known false statement that all of the building's apartments were registered under the Rent Stabilization Law. Concur— Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FERNANDEZ, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California*, 386 US 738; *People v*

*Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN MILLER, Appellant.

No opinion. Concur—Kupferman, J. P., Sullivan, Ross and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MURRAY, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Smith, JJ.

(May 24, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN SIMONDS, Appellant.

At approximately 6:00 A.M., on November 8, 1984, in the vicinity of 686 Rosewood Avenue, in Bronx County, the police found the lifeless body of Mr. Phillip Sena (Mr. Sena) lying in a pool of blood. Thereafter, an autopsy indicated the cause of death to be a gunshot wound in the left side of Mr. Sena's face, and, from his body the Medical Examiner recovered a .44 caliber bullet. In the opinion of a ballistics expert, the victim had been shot at close range.

Since police examination of Mr. Sena's body indicated he was wearing a silver Seiko watch, and, in his pockets were $40 in United States currency, as well as a wallet, which con-